**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ELIZABETH PETER,<br><br>Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 23-03337-KMW-EAP<br><br>**MEMORANDUM OPINION AND ORDER** |

**WILLIAMS, District Judge:**

This matter having come before the Court on Plaintiff Elizabeth Peter's Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, [ECF No. 6]; and the Court having read the submission of Plaintiff; and for the reasons that follow, Plaintiff's Motion for a Temporary Restraining Order is DENIED.

1. Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. *See* Fed. R. Civ. P. 65.[1] The granting or denial of a temporary restraining order is within the discretion of the Court. *Fed'n of State Massage Therapy Bds. V. Acad. Of Oriental Therapy, LLC*, No. 13-06317, 2013 WL 5888094 at *1 (D.N.J. Oct. 28, 2013). The decision to grant a temporary restraining order requires the moving party to show:

    (1) a reasonable probability of success on the merits;
    (2) that the movant will be irreparably injured by denial of the

---

[1] "A restraining order loses its temporary status and becomes a preliminary injunction if it continues beyond a ten-day limit. Courts will look beyond terminology to the actual content, purport, and effect of that which may otherwise be described as a temporary restraining order or as a preliminary injunction." *Children's Health Def., Inc. v. Rutgers*, No. 21-15333, 2021 WL 4398743 at *4 (D.N.J. Sept. 27, 2021) (internal citations and quotations omitted). Therefore, the Court will address the request as a temporary restraining order as *pro se* Plaintiff has entitled her request, and all citations herein are applicable to both terms.

>relief;
>(3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and
>(4) whether granting the preliminary relief will be in the public interest.

*Bey v. Jerejian*, No. 19-16660, 2019 WL 4013911 at *1 (D.N.J. Aug. 26, 2019).

2. The Third Circuit has repeatedly held that a restraining order "is an extraordinary remedy, which should be granted only in limited circumstances." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (citing *United States v. City of Philadelphia*, 644 F.2d 187, 191 n.1 (3d Cir. 1980)).

3. The burden is on the moving party "to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994).

4. Moreover, "[t]he first two factors are the most critical. They are gateway factors, meaning that failure to satisfy them ends the inquiry." *Golden Fortune Imp. & Exp. Corp. v. Mei-Xin Ltd.*, Nos. 22-1710, 22-1885, 2022 WL 3536494 at *3 (3d Cir. Aug. 5, 2022). If the "gateway factors" are met, a court should subsequently balance all four factors. *Id.*

5. If the moving party fails to demonstrate a likelihood of success on the merits, the Court must deny the request for a restraining order. *Instant Air Freight Co. v. C.G. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989).

6. Here, Plaintiff fails to address any of the four factors directly in her motion papers.

7. With regard to the first factor, Plaintiff does not provide a "showing significantly better than negligible but not necessarily more likely than not," that her claims have a likelihood of success on the merits. *See Reilly v. City of Harrisburg*, 858 Fed.3d 173, 179 (3d Cir. 2017).

2

8. Further, with regard to the second factor, the Court cannot discern an imminent, irreparable injury to Plaintiff from Plaintiff's briefing.

9. Given that Plaintiff failed to satisfy the first two prongs of the four factor test, the Court need not engage in further analysis of the other factors. *See Golden Fortune Imp. & Exp. Corp.*, 2022 WL 3536494 at *3.

**THE COURT FINDS**, after a careful review of Plaintiff's submission and relevant case law, that Plaintiff has not met her burden to warrant the imposition of a restraining order.

IT IS on this <u>19th</u> day of <u>July,</u> 2023, hereby

**ORDERED** that Plaintiff's Motion is **DENIED WITHOUT PREJUIDCE.**

At Camden, New Jersey

KAREN M. WILLIAMS
United States District Judge