[Docket Nos. 13, 15, 27]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| ELIZABETH PETER, <br><br> Plaintiff, <br><br> v. <br><br> ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., <br><br> Defendants. | Civil No. 23-3337 (RMB-EAP) <br><br> **OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon Motions to Dismiss filed by various Defendants in this lawsuit brought by *pro se* Plaintiff Elizabeth Peter ("Plaintiff"). For the reasons set forth herein, the Amended Complaint is **DISMISSED with prejudice**.

I. FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit is Elizabeth Peter's latest misuse of the justice system to prosecute her baseless claims. One month before filing this lawsuit, Plaintiff removed a New Jersey Superior Court action brought by a homeowners' association seeking to collect unpaid fees and fines allegedly incurred by Plaintiff. [*See Peter v. Tavistock at Mays Landing Homeowners' Ass'n, Inc. et al.*, No. 23-CV-621 (D.N.J. filed Feb. 3, 2023) ("*Peter v. Tavistock*").] Her Third-Party Complaint in that action baselessly charged a swarm of defendants with violating her civil rights in the prosecution of the state

court action against her. The Court dismissed that Third-Party Complaint and remanded for lack of subject matter jurisdiction. [*See id.* at Docket No. 30.] Plaintiff re-filed a substantially similar version of the previously dismissed Third-Party Complaint as a new action in this Court charging the same defendants (and some new ones) with the same conduct alleged in the previously dismissed Third-Party Complaint, that is, assorted violations of her civil rights in the prosecution of the state court action. [*Peter v. State of New Jersey*, No. 23-2477 (D.N.J. filed May 4, 2023) ("*Peter v. New Jersey*").] The Court has now dismissed that case as frivolous under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, under Federal Rule of Civil Procedure 8. *See generally Peter v. State of New Jersey*, No. 23-2477, Slip Op. (D.N.J. Jan. 26, 2024).

Ms. Peter's new action asserts new claims against new Defendants. Make no mistake, however, this case is just as frivolous as *Peter v. Tavistock* and *Peter v. New Jersey*. The allegations in her operative Amended Complaint, [Docket No. 5 ("FAC")], relate to a traffic stop on April 8, 2023. Officer Tasha Cannon of the Hamilton Township Police Department issued Plaintiff four traffic tickets for speeding, operating an unregistered vehicle, and failure to exhibit license and insurance. [*See* FAC, Ex. B at 11–15.] According to a criminal summons and complaint, Plaintiff refused to comply with Officer Cannon's orders to produce her license and motor vehicle documentation and fled the scene after being advised by

2

Officer Cannon that she was not free to leave. [*See* Docket No. 15-3, Ex. D at 13.][1] The complaint charged Plaintiff with violations of *N.J.S.A.* 2C:29-2B and 2C:29-1A for resisting arrest and eluding an officer while operating a motor vehicle after receiving instructions from an officer to stop. [*See id.*] The complaint was transferred from the Municipal Court of Atlantic County to the Atlantic County Prosecutor's Office which indicted Plaintiff on the criminal complaint's charges. [*See State of New Jersey v. Peter*, No. 23-1573-001-C (N.J. Super. Ct. June 27, 2023); *see also* FAC, Ex. B at 9–10.] Plaintiff was ordered to appear for a pre-indictment first appearance at the Superior Court of New Jersey, Atlantic County, before Judge Louis Belasco on June 7, 2023 and a post-indictment arraignment at the same court before Judge W. Todd Miller on July 26, 2023. [FAC, Ex. B at 9–10.]

Plaintiff filed this case on June 16, 2023 following the criminal indictment against her. Her complaint purports to "remove" the state court criminal proceeding. [*See* Docket No. 5-1 ("Notice of Removal").] She has sued Officer Cannon, "Sargent Clayton" of the Hamilton Township Police Department, Sargent Jody D. London of the Egg Harbor Township Police Department, Judge Belasco, Judge Miller, Atlantic County Central Municipal Court Assistant Prosecutors Adam Barker, Jenna Cook, and Zachary Sclar, and the New Jersey Office of Attorney General. Related to the

---

[1] The criminal complaint is attached as an exhibit to the Atlantic County Central Municipal Court Assistant Prosecutors' motion to dismiss. [*See* Docket No. 15-3, Ex. D at 13.] The Court may consider the complaint as a public record without converting the motion to dismiss into one for summary judgment. *See Gomez v. Town of W. New York*, 2013 WL 5937415, at *7, *7 n.3 (D.N.J. Nov. 4, 2013).

traffic stop and legal proceedings that followed, she alleges violations of (i) 42 U.S.C. § 1983; (ii) both Tucker Acts, 28 U.S.C. §§ 1346(a) ("Little" Tucker Act) and 1491 ("Big" Tucker Act); (iii) the Administrative Procedures Act; and (iv) her Fifth Amendment due process rights. [*See* FAC at 9.]

Plaintiff alleges that the arresting officers violated her civil rights, the "Separation Clause" of the U.S. Constitution and her Fifth Amendment Due Process rights when they signed the summons and criminal complaint. [FAC at 3 ¶ 1.] Plaintiff also appears to allege that whatever state criminal statutes she supposedly violated are void because "[o]rdinances and statutes are not valid laws" since they "do not have the three elements the State Constitution mandates must be present to be a valid law." [FAC at 3 ¶ 6.] Further, Plaintiff alleges "all the players in the court" are conflicted in Plaintiff's state court case because they are paid by the State of New Jersey. [FAC at 3 ¶ 1.]

Plaintiff asks for $4.7 million in compensatory, punitive, and future damages. [FAC at 1.] She also demands this Court (i) revoke Judge Belasco's and Judge Miller's licenses to practice law; (ii) "be granted the [p]rosecutor's [a]ssets, to be granted judgment in full and paid collectively"; (iii) order the state court to produce its corporate charter and have all record of the traffic infraction and arrest removed from her record; (iv) order the police not to have contact with Plaintiff without a "[p]olice corporate supervisor present" and if Plaintiff is involved in a future traffic stop, that a "[p]olice corporate supervisor be present before contact." [FAC at 1–2.]

Following the filing of her First Amended Complaint, Plaintiff submitted a "Notice of Temporary Restraining Order to Block Federal Funding to the State of New Jersey Pursuant to the Spending Clause, Article I, Section 8, Clause 1 of the United States Constitution for Deprivation of Civil Rights Against State Citizens." [Docket No. 6.] Judge Williams, to whom this case was originally assigned, swiftly denied that motion. [Docket No. 9.] Plaintiff continued to make other frivolous motions requesting discovery and the recusal of Judge Williams. [Docket Nos. 11–12.] The case was later re-assigned to this Court. [Docket No. 22.]

Most of the Defendants moved to dismiss the First Amended Complaint. [*See* Docket Nos. 13 (Defendants Cannon, Clayton, and London), 15 (Defendants Cook and Barker), 27 (Defendants Belasco, and Miller).][2] Plaintiff continued filing irrelevant and frivolous papers in response to those motions, including motions to strike notices of appearance on behalf of Defendants, [Docket Nos. 25–26], and renewing her already-dismissed motion for a temporary restraining order to block federal funds to the State of New Jersey under the Spending Clause of the Constitution. [Docket No. 30.]

## II.  ANALYSIS

A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the

---

[2] Defendant Zachary Sclar did not move to dismiss but instead opposed Plaintiff's Motion for Default Judgment. [*See* Docket Nos. 28 (Motion for Default Judgment), 31 (Opposition to Motion for Default Judgment).] The Attorney General's Office did not respond to Plaintiff's complaint on its own behalf.

allegations in the complaint "are so attenuated … as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... or no longer open to discussion." *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)); *Smith v. Laster*, 787 F. Supp. 2d 315, 318 (D. Del. 2011) (dismissing frivolous *pro se* complaint *sua sponte*). That applies with equal force to *pro se* complaints which must be construed liberally. *See DeGrazia*, 316 F. App'x at 172–73.

Just like the other two actions filed by Plaintiff, the allegations here are hopelessly incoherent and frivolous warranting dismissal under Federal Rule of Civil Procedure 12(b)(1).[3] *See Peter*, Slip Op. at 6–9. Plaintiff states that she did not receive "a fair and impartial procedure in the [m]unicipal court or [s]tate court process" because the "traffic court judge is not a real judge with legal juridical authority" to exercise jurisdiction over Plaintiff and that the police's mere signing of the summons and complaint against Plaintiff for her traffic infractions violated the "Separation Clause" of the Constitution, the Fifth Amendment's Due Process Clause, and

---

[3] Alternatively, the Court dismisses under Federal Rule of Civil Procedure 8 which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When a complaint is "illegible or incomprehensible," dismissal under Rule 8 is appropriate. *See Mincy v. Klem*, 303 F.App'x 106 (3d Cir. 2008). Dismissal under Rule 8 is also appropriate when the pleading "[leaves] the defendants having to guess what of the many things discussed constituted [a cause of action]," *Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011), or when it is so "'rambling and unclear' as to defy response," *Vance v. McGinley*, 2021 WL 2906070, at *4 (M.D. Pa. June 21, 2021), *R&R adopted*, 2021 WL 2894826 (M.D. Pa. July 9, 2021) (quoting *Tillio v. Spiess*, 441 F.App'x 109 (3d Cir. 2011)).

6

Section 1983. [FAC at 3 ¶ 1–2.] Plaintiff fails to explain why the municipal or state courts are illegitimate such that they do not have jurisdiction or how the traffic stop and resulting summons and complaint otherwise violated her rights.

The traffic stop and legal proceedings that followed also somehow apparently give rise to claims under the Administrative Procedures Act and both the Big and Little Tucker Acts. Yet Plaintiff challenges no final federal agency action to give rise to any claim under the Administrative Procedures Act, *see* 5 U.S.C. § 702, and she has not sued the United States for a claim arising out of a breach of contract such that either Tucker Act applies, *see* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). As with Plaintiff's prior pleadings in her other cases, her allegations are conclusory, devoid of legal merit, and obviously frivolous. They must be rejected.[4]

\*   \*   \*

The Court has already admonished Plaintiff for her previous frivolous actions and filings and has warned her that future frivolous actions and filings, may result in a monetary sanction of up to $1,000. *See Peter*, Slip Op. at 11–12. That admonishment applies with equal force here—any attempt by Plaintiff to submit further frivolous filings in this matter or open new frivolous lawsuits, including to re-

---

[4] Plaintiff's attempt to "remove" the state criminal proceedings against her to this Court fails. State court defendants in a civil case can remove to federal court under 28 U.S.C. § 1441 if a federal district court would otherwise have jurisdiction over the state civil case. But Congress has provided for only a limited set of circumstances where a state court defendant in a criminal case may remove to federal court. 28 U.S.C. §§ 1442, 1442a, 1443. Plaintiff does not plausibly allege that she fits into any of those circumstances.

litigate this case, may trigger a monetary sanction of $1,000 as the Court described in *Peter v. New Jersey*.[5] Additionally, and as the Court warned in *Peter v. New Jersey*, if Plaintiff continues submitting frivolous filings in this action, the Court may require Plaintiff to show cause as to why the Court should not preclude her from submitting further filings without first obtaining leave of Court, unless she is represented by counsel. *See id*. at 10–11.

## III.  CONCLUSION

For the foregoing reasons, the First Amended Complaint is **DISMISSED with prejudice**. *See Lai v. BNY Mellon Co.*, 2022 WL 617035, at *2 (D.N.J. Mar. 1, 2022) ("Because Plaintiff's 'various filings in the District Court seem to reflect an inability to submit coherent, intelligible pleadings,' any amendment would be futile, and this dismissal is with prejudice.") (quoting *Foster v. Raleigh*, 445 F. App'x 458, 460 (3d Cir. 2011)); *Caterbone v. Nat'l Sec. Agency*, 786 F. App'x 351, 352 (3d Cir. 2019) (affirming dismissal with prejudice where the district court had determined, based on a history of filing numerous frivolous complaints, that any amendment would be futile). An accompanying Order shall issue.

**January 26, 2024**                              s/Renée Marie Bumb
Date                                              RENÉE MARIE BUMB
                                                  Chief United States District Judge

---

[5] The Court reserves the right to impose additional or alternative sanctions, including reasonable attorney's fees and costs.